# IN THE U.S. DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARLENA BAILELY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO:_____ |
| ) | |
| ) | |
| V. ) | JUDGES:_____ |
| ) | |
| ) | |
| ORNL FEDERAL CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Marlena Bailey, (hereinafter "Plaintiff" or "Ms. Bailey"), by and through her attorney, and for her cause of action against Defendant, ORNL Federal Credit Union (hereinafter "Defendant" or "ORNL"), would state as follows:

## I. PARTIES

1.  Plaintiff is a citizen and resident of Knox County, Tennessee.

2.  ORNL Federal Credit Union is located in Anderson County, Tennessee, at 221 S. Rutgers Avenue, Oak Ridge, TN 37830.  It may be served through John O. Norris, III, Jackson Lewis, P.C., 999 Shady Grove Road, Suite 110, Memphis, TN 38120.

3.  The Plaintiff reserves the right to amend this Complaint, with leave of the court, if necessary to name and/or substitute as Defendant(s) any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

## II. NATURE OF THE ACTION

4.  Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of Plaintiff's rights under the Fair labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and to remedy violations of the wage provisions of the Act which have deprived Plaintiff of her lawful overtime wages.

## III. JURISDICTION

5. The matter in controversy involves questions of federal law, giving the Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216.

6. The Plaintiff was employed with the Defendant in Anderson County, Tennessee. Venue is therefore proper with this Court.

## IV. FACTUAL BACKGROUND

7. The Defendant was the "employer" of the Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203.

8. The Defendant was an employer, person, and/or enterprise engaged in commerce within the meaning of the FLSA and subject to its provisions.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA and was protected by its provisions.

10. The Plaintiff was employed with the Defendant for over thirteen (13) years until her employment ended on or about December 14, 2016. She performed job duties for both the Enterprise Risk Management Department as well as the Operations Department from approximately late October or early November 2015 until December 2016.

11. All of Plaintiff's job duties during such time and throughout her employment were non-exempt duties under the FLSA.

12. The Plaintiff's workload was too much for one person and frequently required that she work through lunch, work remotely from home after hours, and even work while on vacation.

13. The Defendant had a policy of not allowing overtime unless approved by management. However, the Plaintiff made complaints about her workload and the hours it

required. Ms. Bailey even asked if she could receive "comp time" for the overtime hours she was working which was denied. She was also told that she needed to work faster.

14. Additionally, Ms. Bailey frequently sent emails after working hours and during vacation such that the Defendant and its employees either knew or should have known the Plaintiff was working frequent overtime. However, the Defendant continued to suffer or permit the Plaintiff to work off the clock without properly compensating the Plaintiff for her overtime hours worked in violation of the FLSA.

15. The Defendant never disciplined the Plaintiff for working any overtime hours without permission. The Defendant accepted the benefits provided by the Plaintiff's free overtime hours and failed to properly compensate Ms. Bailey.

16. The Defendant did not keep time proper time records for the Plaintiff in violation of the 29 C.F.R. § 516 of the FLSA. The Plaintiff's good faith estimate is that she worked approximately twenty (20) hours of overtime per week from late October or early November 2015 through December 14, 2016.

## V. CAUSES OF ACTION

**VIOLATION OF THE FLSA – OVERTIME WAGES AND RECORD KEEPING**

17. The Defendant intentionally and repeatedly engaged in the practice of failing to pay the Plaintiff her correct overtime wages in violation of 29 U.S.C. § 207 of the FLSA.

18. As a direct and proximate result of the Defendant's actions as alleged herein, the Plaintiff has suffered loss of wages and seeks compensatory damages in an amount according to proof including unpaid overtime wages as well as Social Security and Medicare contributions.

19. The Plaintiff is also entitled to and seeks liquidated damages pursuant to 29 U.S.C. § 216(b), as well as a three (3) year statute of limitations period.

20. Furthermore, the Plaintiff seeks reasonable attorneys' fees, witness fees, interest, and costs under applicable law including the FLSA.

21. The Defendant has failed to keep accurate payroll and time records as required by the FLSA. Accordingly, Plaintiff should be allowed to establish her back overtime hours by her own records and testimony.

22. As a direct and proximate result of the Defendant's actions as alleged herein, the Plaintiff has suffered loss of wages and seek compensatory damages in an amount according to proof as well as Social Security and Medicare contributions.

23. The Plaintiff is also entitled to and seek liquidated damages pursuant to 29 U.S.C. § 216(b).

24. The Plaintiff is also entitled to and seeks reasonable attorneys' fees, witness fees, interest, and costs under applicable law including the FLSA.

WHEREFORE, the Plaintiff prays as follows:

A. For the Court to assume jurisdiction of this action for purposes of the relief sought under the Fair Labor Standards Act;

B. For Judgment against the Defendant for the amounts of all unpaid overtime wages and federal withholding contributions, liquidated damages, and other damages according to proof;

C. For pre- and post-judgment interest, reasonable attorneys' fees, witness fees, and costs;

D. For an Order compelling the Defendant to pay all payroll taxes and federal withholding contributions, including Social Security and Medicare, due on such amounts as required by law, including the employee's portion of such contributions;

E. For a permanent injunction enjoining Defendant and their agents, representatives,

officers, and employees from engaging in the unlawful practices and acts described herein;

F. For a three (3) year statute of limitations period;

G. For a lien in the amount of and back overtime wages, liquidated damages, and attorneys' fees pursuant to T.C.A. 66-13-101 *et seq.*; and

H. For any further appropriate and equitable relief which the Court deems necessary, just, and proper.

Respectfully submitted this 5th day of February, 2018.

s/ Link A. Gibbons
Link A. Gibbons, Esq. (BPR #022799)
link@linkgibbonslaw.com

LAW OFFICE OF LINK A. GIBBONS
P. O. Box 2428
Morristown, Tennessee 37816
(423) 839-0990 (Phone)
(423) 839-1306 (Fax)

ATTORNEY FOR THE PLAINTIFF
